IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMIE COLE                                                                                    PLAINTIFF

v.                            Civil No. 4:18-cv-04060

SHERIFF JACKIE RUNION,
Miller County, Arkansas; WARDEN
JEFFIE WALKER; CAPTAIN
GOLDEN ADAMS; SERGEANT
BYRON GRIFFIE; and
LIEUTENANT MILLER, All Sued
in Both Their Individual and
Official Capacities                                                                           DEFENDANTS

**<u>ORDER</u>**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and proceeds *pro se* and *in forma pauperis*. The Court subsequently advised Plaintiff that he was required to immediately inform the Court of any change of address and that, further, if he was transferred or released, he must advise the Court of any change in his address no later than thirty days from the time of his transfer or release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas (the "Local Rules") requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On September 24, 2018, Plaintiff notified the Court that he had been released from the Miller County Correctional Facility and provided the Court with his new address. ECF No. 24. On October 1, 2018, mail sent to Plaintiff was returned to the Court as undeliverable and marked return to sender and not deliverable as addressed. ECF No. 25. Plaintiff had until October 31, 2018, to provide the Court with his new address.

On October 25, 2018, Defendants filed a Motion to Dismiss (ECF No. 27) arguing that Plaintiff had not provided the Court or their counsel with a valid address. Defendants note they have been unable to effect service of correspondence or notice of disclosures on Plaintiff.

On October 26, 2018, the Court entered an Order directing Plaintiff to respond to the Motion to Dismiss by November 16, 2018. ECF No. 30. On November 2, 2018, the copy of the Order sent to Plaintiff was returned as undeliverable. To date, Plaintiff has not provided a new address or contacted the Court.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Here, Plaintiff has failed to keep the Court and opposing parties apprised of his address and failed to diligently prosecute this action. Therefore, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules.

**IT IS SO ORDERED**, on this 27th day of November 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge